Goldsmith v. Boersch.

## GOLDSMITH *et al.* v. BOERSCH.

1. Evidence: CROSS-EXAMINATION. In an action of forcible entry and detainer, a witness introduced by plaintiff testified, in his direct examination, that he, as the attorney in fact of plaintiff, supposing at the time he had authority so to do, leased the premises in controversy to the defendant and executed to him a written lease, under which defendant went into possession. On cross-examination the lease referred to was shown to the witness, and he testified that defendant went into possession of the premises under that lease. The defendant thereupon offered the lease itself in evidence as part of and in connection with the cross-examination, which was objected to by the plaintiff, on the ground that no authority to the witness to make the lease had been shown. *Held*, in view of the direct examination by plaintiff, that the lease was admissible on the cross-examination, as being explanatory of the testimony already elicited, and to show *what* written lease it was, under which defendant entered, without first showing that it was binding on the plaintiff.

2. Forcible entry and detainer: PLEADING: AMENDMENT. In an action of forcible entry and detainer, based upon the ground that the defendant holds over after the termination of his lease, the plaintiff must recover upon proof of these facts, and cannot, without amendment of his petition, recover upon the ground that the defendant obtained possession of the premises by means of fraud.

3. —— Whether an amendment of the character above suggested would be allowable, *quere*.

4. New trial: FINDING OF COURT. The Supreme Court will not interfere with the finding of the court below, before which the cause was tried without the intervention of a jury, unless it be manifestly against the weight of evidence.

*Appeal from Scott District Court.*

WEDNESDAY, DECEMBER 22.

ACTION for forcible entry and detainer. On the trial before the justice of the peace, where the action was brought, there was a judgment for plaintiffs, pursuant to which possession of the premises was delivered to them. The defendant appealed to the District Court. Trial was there had to the court, which resulted in a judgment for defendant, and an order for restitution of the premises to him. From this latter judgment the plaintiffs appeal to this court. The further necessary facts are stated in the opinion.

*Grant & Smith* for the appellants.

*Thompson & Campbell* for the appellee.

COLE, J. — The petition in the action avers that the defendant claims to hold possession of the premises in

1. EVIDENCE: cross-examination. controversy under a pretended lease of plaintiffs to defendant of said property; that the defendant only holds said premises as a tenant at will of plaintiffs, and holds over after the termination of such pretended lease; and it is also averred that notices to quit had been served upon the defendant, and that he refused to remove, etc. Upon the trial of their cause in the District Court, the plaintiffs, to maintain the cause of action, first introduced as a witness one Wm. S. Collins, who testified in chief: that he acted for the plaintiffs in leasing the property in controversy to the defendant, and made a written lease thereof 'to him; that he had a written power of attorney from plaintiffs to sell said property (and the same was shown to the witness and read to the jury), but had no written power of attorney to lease it, although he, at the

time of leasing, thought he had; that the defendant went into possession of said property under the lease which he (the witness) made him, and had possession when this suit was brought.

On cross-examination, the lease made by the witness, as attorney in fact for the plaintiffs, to the defendant, was shown to witness, and he testified that the defendant went into possession of the premises in controversy under that lease. The defendant then offered the lease in evidence, as part of and in connection with the cross-examination of the witness. The plaintiffs objected to the introduction of the lease, for the reason that no authority had been shown to Collins to make the lease; which objection was overruled and the lease admitted, to which ruling the plaintiffs excepted. This is assigned as the first error.

The plaintiffs having shown by the witness, in their direct examination of him, that the defendant entered into the possession of the property under *a* written lease, it became entirely competent and proper for the defendant to show, upon cross-examination, *what* written lease it was under which he entered. And he could do this without first showing that the lease was binding upon the plaintiffs; for the reason that he might properly show *how* he entered into possession, although he might be unable to show his *right* thus to enter. Of course, if he shall ultimately fail to show his right to enter or remain, he would fail in his defense; but the time, manner and circumstances under which he took possession are clearly competent evidence for either party. It is possible that the more orderly way would have been, simply to identify the lease by the witness, and then have waited until the defendant entered upon his defense before introducing it in evidence; but there was no objection to it on this ground.

As will be seen by the foregoing statement of the aver-

*Goldsmith v. Boersch.*

ments of the petition, the plaintiffs claim to recover pos-

**2. FORCIBLE ENTRY AND DETAINER: pleading: amendment.** session of the premises, on the ground that the defendant is their tenant at will, under Revision, section 2216, that is, that he, by their consent, entered upon the possession of the premises, and now holds over after the termination of his lease. They must recover upon proof of these facts, and cannot, without amendment of their petition (if indeed that may be done, as to which, *quere*), recover upon proof of fraud, etc. The testimony, therefore, which tended to show a fraudulent combination between plaintiffs' agent and the defendant, to obtain the lease in question, could not, under the pleadings, be considered in determining as to the plaintiffs' right to recover.

Whatever might be considered as established by the testimony in relation to the fraud, it is very clear that, under

**4. NEW TRIAL: finding of court.** the rule so often applied, which requires a showing here that the finding of the jury, or of a court where a jury is waived, is clearly and manifestly against the evidence, before we can properly interfere to set aside the verdict or finding, we must affirm this judgment. The testimony shows that Collins was agent of the plaintiffs in relation to the property; that he had written authority to sell and convey it, and parol authority to lease or rent it; that he had exercised such parol authority with the full approval of plaintiff, as respected other property, and this also; that they had received the rent from defendant under the lease in question, and had knowledge of its terms for months prior to the bringing of this suit. These and other facts proven in the case justify the finding and judgment of the court in this summary action of forcible entry and detainer, whatever may be the rights of the parties in an action for the recovery of real property.

Affirmed.